# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

KEVIN WIENBERG,
SYLVIA P. WIENBERG, and
all others similarly situated,

        Plaintiffs,

v.                                                No. CIV 98-771 BB/LFG

GENERAL MOTORS CORPORATION,

        Defendant.

## MEMORANDUM OPINION
## AND
## ORDER OF REMAND

THIS MATTER is before the Court on Plaintiffs' motion to remand to state court. Having considered the briefs of counsel and being otherwise duly advised, the Court FINDS the motion to be supported by the better reasoned legal authority and it will be GRANTED.

## Discussion

This case was filed by the Plaintiffs, on behalf of all putative class members, in New Mexico State District Court. The core allegation of the complaint is that the Defendant sold 1995 - 1997 four-door Chevrolet Tahoe and GMC vehicles with fuel

tanks capable of less than the thirty-gallon capacity warranted by the Defendant. Plaintiffs assert claims based in breach of warranty and the New Mexico Unfair Trade Practices Act, NMSA 1978, § 57-12-1 *et seq.* (1995 Repl. Pamp.) They seek damages on behalf of each of the alleged class members "somewhere in the range of $2,000 to $3,000, possibly more." Pltfs' Initial R. 26 Disclosures at 3.

While recognizing that actual damage of each potential member of the class appears to fall well below the $75,000 required to sustain federal jurisdiction under 28 U.S.C. § 1332(b), Defendant argues the Plaintiffs also seek both punitive damages and attorneys fees. Defendant contends:

> 1) Plaintiffs seek punitive and treble damages, the full amount of which are counted against each plaintiff for the purpose of determining the amount in controversy and which will clearly exceed $75,000 if awarded in this case; and 2) the attorneys' fees for the three firms representing Plaintiffs and the requested class will likely exceed $75,000 and are attributed to the named plaintiffs, providing supplemental jurisdiction over the absent class members' claims.

Deft's Br. in Opp'n at 1.

In recent decades a debate has arisen as to how "the amount in controversy" should be measured. 14B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D § 3703 at 129 (1998). Some courts have viewed the

damages from the plaintiff's perspective, others from the viewpoint of the total cost to the defendant to remedy the problem. *Id.* The present Defendant clearly advocates for the later position. The Tenth Circuit has been a pioneer in adopting what is now likely the majority view that if either plaintiff's recovery or the defendant's cost would meet the jurisdiction threshold, the amount in controversy requirement is satisfied. *See Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940); *Oklahoma Retail Grocers Ass'n v. Wal-Mart Stores, Inc.*, 605 F.2d 1155 (10th Cir. 1979).

A different rule applies, however, when a number of plaintiffs are making separate claims against a single defendant. Here, the court must look only to the claims of each plaintiff rather than the total detriment to the defendant. *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597 (10th Cir. 1970). The plaintiffs' claims in such a situation may be aggregated only if they derive from a common and undivided interest. *Gallagher v. Continental Ins. Co.*, 502 F.2d 827, 831 (10th Cir. 1974); *Rocket Oil & Gas Co. v. Arkla Exploration Co.*, 435 F. Supp. 1303 (W.D. Okla. 1977). When a case invokes multiple plaintiffs, then, each must allege a claim in excess of the jurisdictional requirement. *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939); *Watson v. Blankinship*, 30 F.3d 383 (10th Cir. 1994). Members of a class action are therefore precluded from aggregating their claims to reach the jurisdictional amount. *Snyder v. Harris*, 394 U.S.

332 (1969). And every member of a class action suit must meet the jurisdictional requirement. *Zahn v. International Paper Co.*, 414 U.S. 291 (1973).

Initially, the Plaintiffs must show they are entitled to claim punitive or treble damages and/or attorneys' fees. There is no dispute between the parties that the plaintiffs are entitled to seek treble damages under the New Mexico Unfair Trade Practices Act, § 57-12-10, NMSA 1978 (1995 Repl. Pamp.). Assuming the estimate of the parties that a new gas tank will cost $2-3,000 per vehicle, however, trebling would still only permit each Plaintiff to recover $9,000. Defendant concedes that punitive damages would be cognizable under New Mexico law and argues that such punitive damages should be considered in the aggregate. Frankly, the Court finds it inconceivable a jury is going to be outraged enough about the difference between a gas tank that holds 28.5 gallons of gas and one that holds 30 gallons to award substantial punitive damages. Even if it should happen, however, the Court does not believe aggregation of the potential punitive damages is appropriate. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3$^d$ Cir. 1993) (punitive damage claim must receive particularly close scrutiny when it is the primary basis of jurisdiction). The Court recognizes two circuits have held the full amount of the potential punitive damages are indivisible and must be considered in the aggregate. *Tapscott v. MS Dealer Serv. Corp.*,

77 F.3d 1353, 1357 (11th Cir. 1996); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir.), *reh'g denied*, 70 F.3d 26 (1995). Another circuit, however, has clearly rejected this approach. *Gilman v. BHC Sec.*, 104 F.3d 1418, 1428 (2d Cir. 1997). While the Supreme Court has not directly addressed the issue, the logic of the *Snyder* and *Zahn* opinions dictates that such potential punitive damages should not be considered in the aggregate for purposes of considering the amount in controversy. *Garcia v. GMC*, 910 F. Supp. 160, 166 (D.N.J. 1995).

Since the purpose of the jurisdictional amount standard is to keep petty controversies out of federal court and keep diversity jurisdiction under some modicum of control,[1] it seems to make little sense to permit Plaintiffs to enter federal court on a magic carpet of aggregated potential punitive damages. Moreover, while it is true that given the goal of punitive damages a jury could theoretically award the same punitive damage amount to one Plaintiff as might be awarded a class, the award to a class will nonetheless be divided pro rata. For these reasons, the lower courts of this Circuit have repeatedly refused to permit class action plaintiffs to overcome the jurisdictional hurdle by aggregating punitive damages. *Girrens, Inc. v. Simon DeBartolo Group, Inc.*, 976 F.

---

[1] *Snyder v. Harris*, 394 U.S. at 339-40; *Packard*, 994 F.2d at 1045. For further discussion *see* ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 5.3.4 (2d ed. 1994).

Supp. 1399 (D. Kan. 1997); *Amundson & Assoc. Art Studio Ltd. v. National Council on Compensation Ins., Inc.*, 977 F. Supp. 1116 (D. Kan. 1997); *Asten v. Southwestern Bell Tel Co..*, 914 F. Supp. 430 (D. Kan. 1996); *Copeland v. MBNA Am., N.A.*, 820 F. Supp. 537 (D. Colo. 1993). This position also appears to be generally accepted by the district courts of other uncommitted circuits[2] and will be the holding of this Court.

There is also no dispute that the Plaintiffs are entitled to claim attorneys' fees. NMSA 1978, § 57-1-10 (1995 Repl. Pamp.). Again, the dispute is over whether such potential fees should be aggregated for purposes of meeting the requirement of jurisdictional amount. The logic applied to punitive damages also appears to apply to attorneys' fees. Again, some courts have found such fees to derive from a single undivided source and therefore they are to be considered in the aggregate when evaluating the amount in controversy requirement. *See Howard v. Globe Life Ins. Co.*, 973 F. Supp. 1412 (N.D. Fla. 1996). However, the vast majority of courts have

---

[2] *See, e.g., Green v. H&R Block, Inc.*, 981 F. Supp. 951 (D. Md. 1997); *Graf v. Safeco Ins. Co. of Am.*, 977 F. Supp. 971 (E.D. Mo. 1997); *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245 (D. Ariz. 1996); *Johnson v. Gerber Prods. Co.*, 949 F. Supp. 327 (E.D. Pa. 1996); *Weinberg v. Sprint Corp.*, 165 F.R.D. 431 (D.N.J. 1996); *McGowan v. Cadbury Schweppes, PLC*, 941 F. Supp. 344, 346 (S.D.N.Y. 1996); *Snider v. Stimson Lumber Co.*, 914 F. Supp. 388 (E.D. Cal. 1996); *Smiley v. Citibank, N.A.*, 863 F. Supp. 1156 (C.D. Cal. 1993).

recognized aggregation of attorneys' fees would be contrary to the Supreme Court's logic in *Zahn* and the underlying purpose of a financial jurisdictional threshold.[3]

## **Conclusion**

The purpose of the amount in controversy requirement is to prevent the federal courts from being flooded by relatively minor lawsuits merely because the combatants hail from different states. On the surface this might not appear to be such an action since it is represented that as many as 1,000 New Mexicans are potential members of the "wronged" class.[4] However, when the basic issue, a gas tank that may hold 28.5, instead of 30, gallons of gas, is considered, the case appears to be what Judge Merhige has denominated a "lawyer's case" (*i.e.*, a case designed to generate attorneys' fees and little else). ROBERT R. MERHIGE, JR., THE FEDERAL COURTS: OBSERVATIONS FROM THIRTY YEARS ON THE BENCH, 32 U. Rich. L. Rev. 867, 881-82 (1998). Since the

---

[3]    *See, e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365 (9th Cir.), *cert. denied*, 459 U.S. 945 (1982); *Seroyer v. Pfizer, Inc.*, 991 F. Supp. 1308 (M.D. Ala. 1997); *In re Amino Acid Lysine Antitrust Litig.*, 918 F. Supp. 1181 (N.D. Ill. 1996); *Johnson v. Berber Prods. Co.*, 949 F. Supp. at 329; *Bishop v. General Motors Corp.*, 925 F. Supp. 294 (D.N.J. 1996); *Gilman v. Wheat, First Sec., Inc.*, 896 F. Supp. 507 (D. Md. 1995); *Visintine v. Saab Auto.*, 891 F. Supp. 496 (E.D. Mo. 1995); *Mayo v. Key Financial Serv., Inc.*, 812 F. Supp. 277 (D. Mass. 1993).

[4]    Even this type of class action, however, can be viewed as but "a consolidation of 'petty controversies.'" Afshin Ashourzadeh, Comment, *Supplemental Jurisdiction for Class Action Lawsuits: Recovering Supplemental Jurisdiction from the Jaws of Aggregation*, 26 Sw. U. L. Rev. 89, 131 (1996).

right to attorneys' fees derives from a New Mexico statute, it therefore seems not only consistent with Supreme Court precedent, but entirely fitting, that this case be remanded to state court.

Given this disposition, it is not necessary, and it would not be appropriate, for this Court to consider Defendant's motion to disqualify Plaintiffs' counsel.

## **O R D E R**

For the reasons set forth above, the Court finds this claim does not satisfy the jurisdictional amount requirement of 28 U.S.C. § 1441, and the case is therefore remanded to the Second Judicial District Court, State of New Mexico.

Dated at Albuquerque this 19th day of October, 1998.

**BRUCE D. BLACK**
United States District Judge

Counsel for Plaintiffs:
    James P. Lyle, Turner W. Branch, Margaret Moses Branch, Branch Law Firm, Albuquerque, NM
Counsel for Defendants:
    Alfred L. Green, Jr., Butt, Thornton & Baehr, Albuquerque, NM
    David A. Kutik, Edward J. Sebold, Jones, Day, Reavis & Pogue, Cleveland, OH
    Chrysta L. Castañeda, Jones, Day, Reavis & Pogue, Dallas, TX